## ROBSON *v.* PRICE.

1. TRIAL—FINDINGS OF COURT—PARTNERSHIP—WRITTEN AGREEMENT.

   Where the oral evidence that defendants were partners was contradicted, it cannot be said that the trial court, in finding that they were not partners, assumed that a written agreement, which was not an agreement for a partnership, contained the entire contract.

2. SAME—REFUSAL TO FIND FACTS—CONTRADICTORY EVIDENCE.

   A refusal to find certain facts is not error where the evidence relating thereto was contradicted.

3. SAME—IMMATERIAL FACTS.

    A failure to find facts based upon uncontradicted evidence is not error where such facts would not affect the judgment.

Error to Eaton; Smith, J. Submitted June 9, 1903. (Docket No. 47.) Decided September 15, 1903.

*Assumpsit* by John Robson and Charles Robson, copartners as Robson Bros., against Fred H. Price, Dwight J. Robson, and Lewis E. Granger, for money loaned and goods sold. From a judgment for plaintiffs against defendants Robson and Granger only, plaintiffs bring error. Affirmed.

*Cassius Alexander* and *J. M. C. Smith* (*Frank E. Robson*, of counsel ), for appellants.

*Clarke & Latting* (*Russell C. Ostrander*, of counsel ), for appellee Price.

HOOKER, C. J.  The defendants in this cause were sued in attachment, upon the theory that they were copartners in the show business. The cause was appealed to the circuit court, and there tried by the court without a jury, and a judgment in favor of plaintiffs was rendered against defendants Robson and Granger, and against plaintiffs in favor of defendant Price, upon the ground that he was not a copartner. The plaintiffs have brought error upon the judgment. Plaintiffs' counsel proposed several amendments to the findings, and these were rejected.

The important points made in plaintiffs' brief are :

1. That the court erred in assuming that a writing between the copartners contained their entire and *bona fide* agreement, and that, when construed in the light of surrounding circumstances, it shows that Price was a copartner.

2. That the court erred in holding that it was not necessary to find the additional facts proposed, and that he should have included them in the finding, and that they would have established a copartnership had he done so.

The written agreement was as follows:

"AGREEMENT OR CONTRACT.

" This agreement and contract, entered into and made this 10th day of June, 1901, between Fred H. Price, sole owner of Susquehanna sleeping and dining car No. 12, now lettered ' Great London Shows,' ticket wagon, stringer wagon, two baggage wagons loaded with seats, lights, tents, poles, stakes, runs, wardrobe, etc., also lessee of one Venice 60-foot flat car, of the first part:

" I, Fred H. Price, agree to lease to D. J. Robson and L. E. Granger, of the second part, who agree to enter into the show business, and it is hereby agreed that said D. J. Robson and L. E. Granger are to organize, produce, and run the show known as ' Robson & Granger Railroad Shows,' and to manage same, and Fred H. Price is to act as front door man, to protect his interests; and, after deducting the legitimate expenses of running the show, Fred H. Price to receive 50 per cent. of the net profits, daily or weekly, as he demands, and D. J. Robson and L. E. Granger to receive 25 per cent. each of the net profits, hire their own help, such as bandmen, actors, workingmen, etc., pay all salaries, transportation for cars, and all claims due for the above shows during the tenting season of 1901, and to turn the above two cars, wagons, and contents over to Fred H. Price, as they received them, at Kingston, Pa., after the tenting season of 1901.

" FRED H. PRICE.
" D. J. ROBSON.
" L. E. GRANGER.

" Witnesses:
  " C. H. EDWARDS.
  " C. M. HONEYWELL.
  " EARL VAN."

1. We cannot say that the court *assumed* that the writing contained the entire and *bona fide* agreement of the parties, and there is nothing to indicate that he did not construe this writing in the light of such circumstances as he found proved. Price's testimony contradicted the plaintiffs', and there is reason to suppose that it was believed. If so, the writing *was shown* to contain the entire and *bona fide* agreement.

. 2. The court did not err in refusing to incorporate a list

of the facts and circumstances suggested by the plaintiffs in the finding. It is true that there was evidence tending to show that the defendants were copartners, notwithstanding the agreement, which upon its face was not an agreement for a copartnership. It was proper for the court to consider this testimony, as already said, and there is no reason to believe that he did not. But it was contradicted, and, while some of the facts stated in the proposed amendments were not contradicted, others were. As to those that were contradicted, the question was for the trial court, not for us; and, if all of the uncontradicted testimony had been incorporated in the finding, it would not justify us in saying that the court had erred in finding that Price was not a copartner. Hence the judgment should not be reversed upon this ground. In his rejection of the amendments, the court said that he had considered the entire evidence, and from it concluded that Price was not a copartner, and "that the original findings cover all that is necessary as to the facts sufficient for the disposition of the case."

Errors were assigned upon the admission of certain testimony. Apparently, counsel intended to abandon these, but we have examined them, and think that there is nothing in them calling for a reversal of the judgment. It is therefore affirmed.

The other Justices concurred.